siswoyople

LEONARDO M. RAPADAS
United States Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

**FILED**
DISTRICT COURT OF GUAM
OCT 26 2005
MARY L.M. MORAN
CLERK OF COURT

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00068 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| SISWOYO, FNU, ) aka ARIE, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, SISWOYO, FNU aka ARIE, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to the Indictment charging him with Presentation of Immigration Document Containing False Statement, in violation of Title 18 U.S.C. § 1546(a).

2. The defendant, SISWOYO, FNU aka ARIE, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning any illegal activities of which he is aware, including, but not limited to, their investigation of the alteration and fraudulent procurement of immigration related documents. He agrees to testify fully and truthfully before any grand juries and at any trials, or proceedings if called upon to do so for the United States,

- 1 -

subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court at sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal activities of which he does not fully advise the United States. In return for this cooperation, the United States agrees not to prosecute defendant for any other non-violent offenses which he reveals to Federal authorities.

3. The defendant, SISWOYO, FNU aka ARIE, understands that the <u>maximum</u> sentence for Presentation of Immigration Document Containing False Statement, 18 USC § 1546(a), is ten (10) years incarceration, a $250,000 fine, and a $100 special assessment fee. The defendant also understands that any sentence imposed shall include a term of supervised release of not more than (3) years in addition to such terms of imprisonment as well as such restitution as the court may order and a $100 special assessment fee. The $100 special assessment fee must be paid at the time the guilty plea is entered or at the time of sentencing. If defendant violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him to not more than two (2) years of incarceration pursuant to 18 U.S.C. §3583(e)(3). If defendant cooperates as set forth in Paragraph 2, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines, and credit for time served, if any. If defendant does not fully cooperate as set forth in Paragraph 2, the government will recommend a sentence of incarceration within the Guidelines range it may deem appropriate.

4. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of Presentation of Immigration Document Containing a False Statement, the government must prove each of the following

elements beyond a reasonable doubt:

<u>First</u>: The defendant willfully used or attempted to use a false and altered immigration document in the name of Arie; and

<u>Second</u>: The defendant knew the immigration document containing the visa document contained false information that the immigration official would rely on in determing admission.

6. The defendant understands that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used in calculating the applicable guidelines level.

The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guideline's range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea

7. The government and the defendant stipulate and agree to the following facts for purposes of the Sentencing Guidelines and that the Sentencing Guidelines range shall be determined from the facts set forth herein, to wit:

    a. The defendant was born in 1971 and is a citizen of Indonesia.

    b. On or about the 19th day of September, 2005, in the District of Guam the defendant, SISWOYO, FNU aka ARIE, did willfully and knowingly use by presenting to a U.S. Customs and Border Protection Officer a U.S. visa, to wit: a C1/D visa number 48660798 issued to ARIE, which he knew contained a materially false statement that the Customs and Border Protection might rely on in determining admission, to wit: that he was in fact ARIE, which the defendant then and there knew was false, in that the visa document was made in the name ARIE whereas defendant, FNU SISWOYO, well knew he was not that individual, in violation of Title 18, United States Code, Section 1546(a).

8. If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be

- 3 -

represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon The Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

9. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. the nature and elements of the charges and the mandatory minimum penalty provided by law and the maximum possible penalty provided by law;

   b. his right to be represented by an attorney;

   c. his right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

   d. that if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

   e. that, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

   f. that he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

   g. that he reads, speaks, writes and understands Indonesian;

   h. that he has had this agreement translated into his native language, and he fully understands it; and

   i. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

10. In exchange for the concessions made by the United States in this agreement and the

execution of the agreement itself, the defendant expressly and knowingly waives the right to appeal his conviction and agrees not to contest such conviction in any post conviction proceeding, including but not limited to writs of habeas corpus or coram nobis concerning any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to this prosecution and to the court's entry of judgment against defendant. The defendant reserves the right to appeal his sentence.

DATED: 10/21/05

SISWOYO, FNU
Defendant

DATED: 10/21/05

JOHN GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 10-21-05

FREDERICK A. BLACK
Assistant U.S. Attorney

DATED: 10-21-05

RUSSELL C. STODDARD
First Assistant U.S. Attorney

- 5 -

Case 1:05-cr-00068   Document 8   Filed 10/26/2005   Page 5 of 5